**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

IN RE: DAVID AND KAYLA DWELLE                    NO.: 6:12-bk-71728

DAVID DWELLE                                              PLAINTIFF

VS.                              AP NO.: <u>6:13-ap-07081</u>

ARVEST BANK et al.;                                        DEFENDANTS

**RULE 7054 MOTION FOR ATTORNEY'S FEES AND COSTS**

Comes now the plaintiff, David Dwelle, by and through his attorneys, Honey Law Firm, P.A., and for their joint *Motion for Attorney's Fees and Costs*, hereby move this Court to grant their motion pursuant to the statutes, rules, and other grounds: (i) requested to be properly pled and prayed for previously at docket entry no. 51 *(emphasis added to ¶¶ 3, 4, 6, and 9)*; (ii)  which were subsequently ordered by the Court to be so pled and prayed for at docket entry no. 52; and (iii) which were then properly pled and prayed for accordingly in the plaintiff's amended complaint found at docket entry no. 53 *(emphasis added to title, introductory paragraph, and ¶¶ 1, 134, 166, 202, 234, 238, 239, and the prayer for relief)*.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure made applicable this adversary proceeding by and through Fed. R. Bankr. P. 7054, and pursuant to the judgment and directive of the Court dated April 13, 2015 the plaintiff and plaintiff's attorneys include a *Brief Supporting Statement of the Factual and Legal Basis for their Motion for Attorney's Fees and Costs and Prayer for Relief* as follows:

**A Brief Supporting Statement of the Factual and Legal Basis**
**For the Motion for Attorney's Fees and Costs and Prayer for Relief**

1.      "Special damages" are a class of damages defined as:  "Damages that are alleged to have been sustained in the circumstances of a particular wrong • To be awardable, special damages

1

must be specifically claimed and proved.   – Also termed *particular damages."*   *Black's Law Dictionary*, 396 (Bryan A. Garner ed., 7th ed., West 1999).

> "The possibility and types of special damages are no more limited than are the types of wrongs that may befall an unfortunate plaintiff. Special damages typically include such matters as… loss of earning capacity… lost profits, and *attorney fees*.   Typically, special damages are more likely to be subject to objective measurement than general damages such as pain and suffering or emotional distress.   Any concern as to whether damages are general or special can be alleviated by specially alleging all injuries, thereby giving sufficient notice to the opposing party.

> The terminology [general vs. special] is frequently confused, particularly with the insertion of terms such as compensatory damages and consequential damages.   Both general damages and *special damages are compensatory* in nature as distinguished from punitive damages." Howard W. Brill, *Arkansas Practice Series: Law of Damages,* 46 (5th ed., West, a Thompson Business 2004)."

2.      Rule 9(g) of the Federal Rules of Civil Procedure reads as follows: "SPECIAL DAMAGES.  If an item of special damage is claimed it must be specifically stated."

3.      While many of the part VII bankruptcy rules incorporate a particular federal rule of civil procedure without change, some adapt the federal rule to litigation in the bankruptcy context. *See Bankruptcy Rules, Part VII: Adversary Proceedings; Scope of Part VII.*

4.       To this end, Fed. R. Bankr. P. 7008(a) incorporates Rule 8 of the Federal Rule in it's entirely and adds Fed. R. Bankr. P. 7008(b) which incorporates Fed. R. Civ. P. Rule 9(g) and reads as follows: "*(b) Attorney's Fees.*  A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." Fed. R. Bankr. P. 7008(b).  See plaintiff's *Motion for Approval to File First Amended Complaint* at docket entry no. 51 *(emphasis added to ¶¶ 3, 4, 6, and 9).*

5.      It is established at Fed. R. Bankr. P. 7008(b) that in all adversary proceedings special damages such as attorney's fees and costs must be pleaded for any recovery to be permitted.  "If not pleaded, the defendant may claim that he was not aware, nor could he be expected to be aware. Special damages are to be pleaded so that surprise at trial is avoided."  Howard W. Brill, *Arkansas*

*Practice Series: Law of Damages,* 45 (5th ed., West, a Thompson Business 2004).  See also plaintiff's

*First Amended Complaint* at docket entry no. 53 *(emphasis added to title, introductory paragraph,*

*and ¶¶ 1, 134, 166, 202, 234, 238, 239, and the prayer for relief).*

> 6.      A.C.A. § 16-22-308 maintains:

> > "*In any civil action* to recover on an open account, statement of account, *account stated*, promissory note, bill negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, *or for labor or services*, or *breach of contract*, unless otherwise provided by law or contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

*(A true and correct copy of the Arvest credit card ending in no. 2435* – the proper chapter 13

adjustment of the credit card account stated and what Arvest Bank cannot do/should not do 'with

regard to employment' for breach of the repayment terms served as the underlying subject matter of

the plaintiff's action for the individual protections afforded at 11 U.S.C. § 525(b)(3) - *is attached*

*previously in the original complaint, the amended complaint, and at trial on merits as __Exhibit 9__.   A*

*true and correct copy of the May 9, 2015 statement of unsecured credit card account ending in no.*

*2435 and which statement formally foreclosed any future re-affirmable bilateral charge card*

*privileges pursuant to plaintiff's 'Cardholder Agreement' is attached previously at trial on the merits*

*as __Exhibit 35__.*  See also the ARVEST® Associate Handbook at pg. 14, regarding unsecured

'employee consumer loans' of credit and 'preferred customer' rates and page 19, ¶7 of the same

Handbook regarding what shall happen to the plaintiff's income stream for breaching the 'terms of

repayment':

> > "Credit issues, both with Arvest credit and other creditors may affect employment.  Accordingly, it is the policy of Arvest that any associate to whom Arvest has extended credit must repay the obligation according to the current terms of repayment.  Failure to comply with this policy for any reason whatsoever will result in termination of employment."

*(A true and correct copy of the ARVEST® Associate Handbook is attached previously in the original*

*complaint, the amended complaint, and at trial on merits as __Exhibit 1__.*

7.      There is no 11 U.S.C. 525(b)(3) action and there is no Judgment for "compensatory damages for back wages" totaling "$33,399,44" pursuant to "11 U.S.C. § 105(a)" in conjunction with Fed. R. Bankr. P. 7001(1) *proceeding to recover money or property* if a breach of contract did not occur.

8.      The breach of *Cardholder Agreement* and the *current terms of repayment* (i.e. contract) resulting in an internal charge-off is already admitted at trial and found by the Court in the Judgment to serve as the very basis for the defendants' follow through on the decision *ipso facto* to terminate the plaintiff's income stream and thereby run into direct irreconcilable conflict with 11 U.S.C. § 525(b)(3) for which the defendants have been found liable.  A.C.A. § 16-22-308 applies as "other grounds" entitling the movants to attorney's fees and costs under Fed. R. Civ. P. 54(d)(2)(B)(ii).

9.      Pursuant to 11 U.S.C. § 105(a)(e.g., as it pertains to this Court's power and authority to issue any remedial order, process or judgment that is necessary to carry out the provisions of Title 11); 11 U.S.C § 105(c)(e.g. as it pertains to this Court's ability to exercise the power and authority vested in it absolutely by virtue of the express powers and authorities vested in it by 28 U.S.C. § 151 Designation of bankruptcy courts; 28 U.S.C. 157 Procedures; 28 U.S.C. 1334 Bankruptcy cases and proceedings; and the All Writs Statute at 28 U.S.C. § 1651); in conjunction with 11 U.S.C § 525(b)(3) Protection against discriminatory treatment; Ark. Code Ann § 16-22-308 Attorney's fees in certain civil actions; Fed. R. Bankr. P. 7001(1) A Proceeding to recover money or property; Fed. R. Bankr. P. 7008(b) Attorneys fees; Fed. R. Bankr. P. 7001(7) a Proceeding to obtain other equitable relief; Fed. R. Bankr. P. 7052 Findings by the Court, Fed. R. Civ. P. 54(d)(1) Costs Other Than Attorney's Fees; and Fed. R. Civ. P. (d)(2)(A) & (B) Attorney's Fees the movants respectfully requests the Court to order Arvest Bank to pay to the order of Honey Law Firm, P.A., located at P.O. Box 1254, Hot Springs AR 71902 the following:

a.  The reasonable and actual attorney's costs totaling $50,079.91.  *(True and correct copies of the attorney's: (i) Receipt & Purchase Cost Schedule (updated for trial); (ii) Paper & Ink Cost Schedule; (iii) Research Cost Schedule; and (iv) Communication Cost Schedule are attached hereto as **Exhibit A**,* (in substantively the same form as previously provided to the Court and the adverse parties as Exhibit 40 on March 20, 2015 pursuant to the pre-trial order) *and is incorporated herein by reference).*

b.  The reasonable and actual attorney's fees totaling one of the following: 1. $296,600.00 for the 741.5 hours of work performed from October 4, 2013 to March 27, 2015 at the basic rate of $400.00 per hour; 2. $101,200.00 for the 253 hours of work performed from October 4, 2013 to February 3, 2015 at the basic rate $400.00 per hour; or 3. $195,400.00 for the 488.50 hours of work performed from February 5, 2013 to March 27, 2015 at the basic rate $400.00 per hour.  *(A true and correct copy of the Fee Schedule & Billings Statement Itemization is attached hereto as **Exhibit B**,* (in substantively the same form as previously provided to the Court and  the adverse parties as Exhibit 40 on March 20, 2015 pursuant to the pre-trial order) *and is incorporated herein by reference).*

c.  The reasonableness and logic of splitting the actual 741.5 lodestar hours on February 4, 2015 (i.e., the date of the *Order Granting Plaintiff's Motion for Approval to File Plaintiff's First Amended Complaint*) is more clearly set out at page 15of **Exhibit B**, attached hereto.

10.     Regarding costs, pursuant to Fed. R. Bankr. P. 54(d)(1) costs should be allowed to the prevailing party.  Additionally, Fed. R. Bank. P. 7054 "does not limit the recovery of costs" and permits the court in its sound discretion to award costs in an adversary proceeding." *Fowler v. First State Bank of Crossett*, 395 B.R. 643 at 652 & 653 (W.D. Ark. 2008).

11.     "Sound" is defined as:  "3. (Of discretion) exercised equitably under the circumstances." *Black's Law Dictionary*, 1401 (Bryan A. Garner ed., 7th ed., West 1999).

12.     "There is a strong presumption favoring the award of costs to the prevailing party…. The losing party must satisfy a heavy burden when asserting he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of 28 U.S.C. § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay." *Fowler v. First*

*State Bank of Crossett*, 395 B.R. 643 at  653 (W.D. Ark. 2008) ((quoting *In re O'Callaghan*, 304

B.R. 887, 891 (Bankr. M.C. Fla., 2003)(quoting *In re Franklin Arms Court, L.P.,* 2003 Bankr.

LEXIS 301, 2003 WL 18883472 at *14 (Bankr. N.D. Ill. 2003)).

13.       "Under Arkansas case law, there is no fixed formula to determine what would be a

reasonable attorney fee…" *Fowler*, 395 B.R. 643, at 650 (W.D. Ark. 2008); *Dunn v. Womack*, 2011

Ark. App. 393 (Ark App. 2011). Any adjustments to the lodestar amount requested is guided by

considering such factors as the experience and abilities of the attorneys, the time and labor required

to perform the legal service properly, the amounts involved in the case and the results obtained, the

novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar

legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or

by the circumstances, and the likelihood, if apparent to the client that the acceptance of the particular

employment will preclude other employment by the attorney.  *In re Bateman,* 435 B.R. 600, 611-12

(Bankr. E.D. Ark, 2010); *Phi Kappa Tau Housing Corp. v. Wengert,* 350 Ark. 335, 341 (2002).

14.       Attorneys would show the Court that their representation of the plaintiff has

precluded other employment, eaten up a tremendous amount of time for Travis L. Starr who manages

the law firm at 741.5 total hours and resulting in three (3) successful trials to date in asserting the

plaintiff's rights and protections; that the claims arising out of the transaction or occurrence(s) pled

are most novel particularly by way of statutory construction, and the attorney's fixed fee of $400.00

per hour is most common for Travis L. Starr and Marc Honey who also charge the same amount for

fact gathering, analyzing, researching, writing, and filing complicated modifications to bankruptcy

plans per the trustee's guidelines for fees.

15.       In *Fowler v. First State Bank of Crossett*, 395 B.R. 643 (W.D. Ark. 2008), and with

regard for the subjects of attorney's fees & costs and the applicability of A.C.A. § 16-22-308 as other

grounds permitting recovery, after determining that the proper chapter 13 adjustment of a debt

associated with the account stated in case no. 1:02-bk-72983 and what First State Bank of Crossett

6

cannot do/or should do 'with regard to releasing a lien' for alleged breach of the repayment terms served in fact as the underlying subject matter of plaintiff's action in case no. 1:07-ap-07375 for the individual protections afforded to her at 11 U.S.C. § 542 in conjunction with Fed. R. Bankr. P. 7001(1) *Proceeding to recover money or property* and 7001(2) *Proceeding to determine the validity, priority or extent of a lien* (but without having pled 7008(b) *Attorney's fees* or 7001(7) *Proceeding to obtain other equitable relief* – which additionally speaks to the soundness of the Judge's discretion to grant attorney's fees and costs when statutes may be completely silent as to remedies), Judge Mixon concluded that the request for the attorney's actual fees should be granted and were reasonable, even though the fees requested and granted were 12.03 times the plaintiff's monetary recovery.  The costs granted were 4.46 times the plaintiff's monetary award.  *Fowler v. First State Bank of Crossett*, 395 B.R. 643 (W.D. Ark. 2008).

16.     Notwithstanding the fact in *Fowler* that the plaintiff's attorneys were operating under § 542 and not §543 none of the attorneys of the Law Firm were required to be hired by the trustee in case no. 1:02-bk-72983 before filing a separate federal lawsuit at case no. 1:07-ap-07375.  The underlying principal of the case appeared to be that the attorneys were working to recover a property interest (owing to the plaintiff and protected by the bankruptcy code) and the cause of justice to keep inviolate the rights of all persons would not and could not have been served "if not for the efforts" of the Arkansas attorneys. *Fowler,* 395 B.R. 643, at 652.

17.     Similar to Mr. Dwelle's present adversary proceeding and similar to *Fowler* and with regard to A.C.A. 16-22-308 providing other grounds entitling the movants to attorney's fees and costs as pled above, in the matter of *In re Johnson*, the attorney's fee and cost Order found at case no. 3:10-bk-19119, Eastern District of Arkansas, dated March 29, 2012 at docket entry no. 180 found that "but for the promissory notes, there would have been nothing for the Court to decide."   Judge Evans found: (i) the debtor was the prevailing party; (ii) the civil action at hand was obviously born out of the terms and conditions of a promissory note or contact and would not exist "but for" the fact;

7

(iii) a separate lawsuit or adversary proceeding was not filed; and (iv) that the attorney's fees requested were reasonable even though the fees were more than 60% of the debtor's monetary recovery.

18.     Judge Evans went on to state in the matter of *In re Johnson*:

> *"Accepting the underlying harm as a limiting principle in cases that involve statutory construction would discourage any attorney, even one who possesses great compassion and generosity, from representing clients such as the debtors in these cases.   This is because difficult statutory cases almost always require efforts costing far more than the monetary measure of the underlying harm.  This Court will not put a ceiling on fees . . .  The value of such representation cannot be measured by the individual debtor's financial gain."*

See also Order for attorneys fees and costs in *In re Humes,* 3:10-bk- 12140 E, 2013 WL 6671626 (Bankr. E.D. Ark. Dec. 17, 2013) adopted, 3:13-CV-00179-SWW, 2014 WL 310451 (E.D. Ark. Jan. 28, 2014):  "The issues presented in this case concern fundamental fairness, which is not measured by debt amounts.  Attorneys deserve to be fairly compensated when representing clients in all income brackets." The attorney's fees ordered to be paid in case were 24.84 times the compensatory award to plaintiff.

19.     To the extent Judge Mixon laments in *In re Hopkins*, 66 B.R. 828, at 834 (W.D. Ark. 1986) as follows:  "Once again congress chose to provide a specific remedy for a section 525(b) violation but rather leave remedial requests to the innovative debtor's attorney and enforcement to the bankruptcy courts." Movants would show the court that there is little to no innovation needed. The interpretive answer hides in plain sight. By express design, congress does not include any statutes of limitation, statutes of repose, or further guidance on particular classes of remedies (particularly attorney's fees and costs) in any of the bankruptcy statutes save the stay statutes and the discharge statutes (which are truly original and unique to the bankruptcy code) because § 105 exists to be paired with one or more of the Part VII Rules to cover any remedial requests that may arise in a separate federal lawsuit on a case by case basis.

20.    On a case by case basis attorneys are to plead for remedies and bankruptcy courts are to enforce rights, duties, and obligations: (i) arising under Title 11; (ii) arising in cases under Title 11; and (iii) related to cases under Title 11.

21.    If prohibited terminations of income streams at 11 U.S.C. § 525(b)(3) were allowed to happen to an individual who is a voluntary debtor under chapter 13 bankruptcy and who may well be in a confirmed plan -without a full remedy being made available thereafter- the termination of that individual's protected property interest "would be disastrous to a chapter 13 re-organization which requires income of [/from] the debtor to fund the [voluntary] repayment plan." *In re Hopkins*, 66 B.R. 828, at 834 (W.D. Ark. 1986).

22.    The inclusion of ¶ 239 in the plaintiff's amended complaint does not stand for the proposition that the attorneys represent the future property interest of the bankruptcy estate in case no. 6:12-bk-71728 to the exclusion of plaintiff's protected property interest in compensatory damages and attorney's fees and cost in case no. 6:13-ap-07081.  Arvest Bank as the adjudicated wrongdoer should compensate by the whole in compensatory damages and special damages of attorney's fees and cost for the entire harm caused as has been pled for and noticed to defendants in specific detail by the statutes, by the rules, by the other grounds and by the times, dates, and amounts since February 2, 2015 at docket entry no. 51 and spanning two (2) prevailing trials since that time.

**WHEREFORE,** the plaintiff and plaintiff's attorneys pray that this Court enter its Order granting their Rule 7054 Motion for Attorney's Fee and Costs in the amount $50,079.91 costs and reasonable attorney's fees to be determined by the Court upon review of the Fee Schedule & Fee Billing Statement Itemization at ***Exhibit B***, and for all other just and proper relief, both legal and equitable.

9

RESPECTFULLY SUBMITTED,

HONEY LAW FIRM, P.A.
P.O. BOX 1254
HOT SPRINGS, AR 71902
PHONE: (501) 321-1007
FAX:  (501) 321-1255
tstarr@honeylawfirm.com

BY: */s/ Travis L. Starr_____*
      **TRAVIS L. STARR, BAR #2008-015**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have served a copy of the foregoing pleading on all the opposing parties to this action by mailing a copy thereof to the following on this 27th day of April, 2015:

Arvest Bank
C/O John C. Calhoun; James M. McHaney; J. Maurice Rogers; and Randy Grice
1 Riverfront Place, Suite 800
North Little Rock, AR 72114

Central Mortgage Company
C/O John C. Calhoun; James M. McHaney; J. Maurice Rogers; and Randy Grice
1 Riverfront Place, Suite 800
North Little Rock, AR 72114

Arvest Bank Operations, Inc.
C/O John C. Calhoun; James M. McHaney; J. Maurice Rogers; and Randy Grice
1 Riverfront Place, Suite 800
North Little Rock, AR 72114

Security Bankcard Center, Inc.
C/O John C. Calhoun; James M. McHaney; J. Maurice Rogers; and Randy Grice
1 Riverfront Place, Suite 800
North Little Rock, AR 72114

*/s/Travis L. Starr___*
**TRAVIS L. STARR**

10